IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ernestina Moreno and Agnieszka K. Sobczyk,     ) | |
| individually    ) | |
| and on behalf of all persons    ) | |
| similarly situated    ) | CASE NO 16 CV 9519 |
| as collective representatives under    ) | |
| under the Fair Labor Standards Act    ) | |
| and as Class Representatives for Class    ) | |
| Action under IWPCA;    ) | |
|     ) | |
| Plaintiffs,    ) | |
| vs.    ) | |
| DEV Medical Associates S.C..    ) | |
|     ) | **JURY TRIAL DEMANDED** |
|     ) | **ON ALL COUNTS** |
| Defendant.    ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiffs, Ernestina Moreno and Agnieszka K. Sobczyk, individually and on behalf of all others similarly situated, as class and/or collective representatives, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possess and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA" ) and bring these causes of action against Defendant DEV Medical Associates S.C. (Hereinafter referred to as "DEV") and in so doing states the following:

## NATURE OF THE ACTION

1.   Plaintiff, Ernestina Moreno, alleges and will prove individually and on behalf of herself and other similarly situated current, former and future employees of the

Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, is entitled to be paid for all hours worked and to receive time and half for all hours worked over forty (40) hours per week. Plaintiff also alleges and will prove that the Defendant DEV violated the IWPCA by failing to pay wages in a timely manner, by delaying payment beyond the mandated payment of wages every 14 days.

2.   Plaintiff, Agnieszka K. Sobczyk, alleges and will prove individually and on behalf of herself and other similarly situated current, former and future employees of the Defendant, (Hereinafter references to "Plaintiff" are inclusive of both Individual Plaintiffs and those employees that are similarly situated to the Individual Plaintiffs) that she, under both federal and state wage laws, is entitled to be paid for all hours worked and to receive time and half for all hours worked over forty (40) hours per week[1]. Plaintiff also alleges and will prove that the Defendant DEV violated the IWPCA by failing to pay wages in a timely manner, by delaying payment beyond the mandated payment of wages every 14 days.

3.   Plaintiff, Sobczyk, also alleges and will prove that her employment termination was a retaliation for Plaintiff's demands for payment of her overtime wages in accord with the FLSA and/or the IMWL and/or timely payment in accord with the IWPCA.

---

[1] Plaintiff acknowledges that DEV paid Plaintiff Sobczyk's overtime wages after repeated demands for payment of her overtime wages, however, Defendant failed to pay any applicable interest, or penalties due to her under the IWPCA and/or IWML, due to the lengthy delay in payment of those overtime wages.

4.     Plaintiffs' Collective Action addresses DEV's failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of 40 hours in individual work weeks.

## FAILURE TO PAY OVERTIME CLAIM FACTS

5.   Defendant's failure to pay overtime wages occurs because Defendant simply refuses to pay overtime.

6.   Plaintiffs and the FLSA Collective are not paid time and a half for work beyond forty hours, rather Defendant employees including Plaintiffs are paid straight time for hours over forty in a week.

7.   When Plaintiff Sobczyk asked about why the Defendant failed to pay her overtime wages for overtime work, the response by the employer (specifically DEV agent Alice Perkins) was that the employer "was not covered by overtime laws" due to having "less than twenty-five (25) employees".

8.   This alleged exemption from overtime laws, (having less than 25 employees) does not exist under the FLSA nor the IMWL.

9.   On May 16, 2016 at 7:02 PM, Plaintiff Sobczyk emailed Ms. Perkins and informed her that DEV's claim of exemption from overtime laws for having less than 25 employees did not exist and Plaintiff Sobczyk again reasserted her right to receive overtime wages.

10.  On May 17, 2016, the next day, Plaintiff was fired for having asked for her overtime wages.

## WAGE DELAY CLAIM

3

11. Defendant also fails to pay wages in a timely manner, paying its employees on a monthly basis, when the IWPCA and FLSA require payment on a more frequent basis (IWPCA requires payment on a "semi-monthly basis").

12. DEV's policy and practice was to pay its employees their compensation once per month (monthly).

13. The IWPCA however requires payment on a semi-monthly basis, or twice a month.

14. The relevant provisions of the IWCPA read as follows:

**Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period.** (820 ILCS 115/3) (from Ch. 48, par. 39m-3)

15. On May 16, 2016 at 702 PM Plaintiff Sobczyk emailed Ms. Perkins and informed her that the Defendant was also in violation of the IWPCA requirement to pay on a semi-monthly basis.

16. The next day Plaintiff was terminated for asking for timely payment under the IWPCA.

17. This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime pay which was not compensated at the proper rate of pay, rate of pay to include all compensation.

18. Plaintiffs' federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA.

19. Plaintiffs, in their claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by

applicable law, restitution and payment of all benefits Defendant obtained from their unlawful business practices and attorneys' fees and costs.

20.     This action is brought as a class action pursuant to Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA" ).

21.     The class period for the IWPCA Class due to Defendant's untimely wage payments would include all untimely payments made for 10 years, from 2016 to 2006. Thus the number of employees in the class is easily over 100 given the high rate of turnover for Defendant employees.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Federal Court against the corporate Defendant.


**JURISDICTION AND VENUE**

23.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C 1332 and 1367.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

24.     This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

25.    The Court is authorized to issue a declaratory judgment.

26.    Venue is proper in this Court.

27.    Defendant does business and is a resident of this District and Division of Federal Court.

## FACTS REGARDING THE PLAINTIFFS

28.    Plaintiffs, Moreno and Sobczyk,, are residents of the State of Illinois.

29.    Plaintiffs worked as employees of the Defendant.

30.    Plaintiffs were paid on an hourly basis and was classified as non-exempt.

## DEFENDANT CORPORATE FACTS

31.    Defendant DEV Medical Associates S.C (Hereinafter referred to as "DEV") is a corporation or business which does business in Illinois.

32.    DEV is a medical provider.

33.    Defendant DEV has 2 locations in Illinois but sees patients at more than those two facilities.

34.    DEV doctors are Cardiologists, Cardiovascular Disease Practitioners, Internists, Interventional Cardiologists.

35.    DEV is a Group Practice, with four physicians in the group.

36.    Defendant's employs at least 10 hourly employees at its two locations.

37.    From 2016 to 2006 DEV employed over 100 employees.

## COLLECTIVE ACTION ALLEGATIONS

### The FLSA Collective Action

38.    Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b), on behalf of all

employees of DEV who were, are, or will be employed by DEV during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times their regular rate of pay for all work performed in excess of forty (40) hours per work week.

39. FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all hourly employees employed by DEV who were not paid overtime, rather were paid straight time only for overtime work hours.

40. Defendant is liable for improperly compensating Plaintiffs and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of DEV who have been denied payment of the overtime wages for overtime work hours. These current, former and future employees would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**<u>STATEMENT OF FACTS</u>**

**A.**     **DEV policies and procedures and Compensation Practices fail to pay overtime work at overtime rate of pay**

41.     Plaintiffs were employed by DEV as employees of the Defendant and Plaintiffs worked beyond forty hours in a work-week, but Defendants failed to pay overtime due to its policy and procedure of not paying overtime wages at an overtime rate of pay.

42.     Plaintiffs worked as an hourly non-exempt employees.

43.     Plaintiff Sobczyk was paid $15.00 per hour for all hours worked less than 40 hours.

44.     Plaintiff Sobczyk should have been paid $22.50 per hour for all hours over 40 hours.

45.     However, Plaintiff was paid only $15.00 per hour for all work hours.

46.     During the short time Plaintiff Sobczyk worked for DEV she worked 2.75 hours of overtime.

47.     Defendant failed to pay Plaintiff Sobczyk the overtime rate until weeks after the work was done, and only after Plaintiff demanded the payment.

48.     Defendant finally paid the Plaintiff's owed 2.75 hours of overtime, after terminating her for asking for those overtime pay.

49.     However Defendant failed to pay Plaintiff Sobczyk for the delay in payment, either under the FLSA liquidated damages provisions nor the IWML 2% penalty provisions.

50.     Plaintiff Tina Moreno on the other hand, still works for Defendant and still has not been paid any overtime hours at an overtime rate of pay.

51.     Plaintiff Moreno worked for the Defendant for several years and worked overtime hours many times, and was never paid overtime during any of those weeks of work.

52.     The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

53.     Defendant's consented, were knowledgeable of that they were not paying the overtime rate of pay.

54.     Plaintiffs and the Collective employees were not paid the proper rate of overtime wages.

55.     This is a FLSA violation because the Plaintiffs worked beyond forty (40) hours, thus Plaintiffs are owed time-and-half of their <u>regular pay</u> for ALL hours beyond 40 hours.

56.     Further this also a violation of the Plaintiffs' rights under Illinois Minimum Wage law and Illinois over-time wage law.

57.     The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

## **DEV's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

58.     DEV required and permitted Plaintiffs and the FLSA Collective, to work more than 40 hours in a week.  DEV did not pay Plaintiffs and the FLSA Collective the proper overtime rate for all of these overtime hours.

59. DEV unlawful conduct has been uniform, widespread, repeated and consistent.

60. DEV's willful violations are especially demonstrated by their knowledge that its employees were not paid overtime rate of pay.

61. While Defendant claims an exemption due to the small size of the employer, the Defendant's claims of ignorance do not negate its willful violation, as the Defendant had a duty to assess and understand correctly its legal obligations under the law.

62. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

63. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Individual claims Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

64. Plaintiffs reallege and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

65. Plaintiffs are/were employees of the Defendant pursuant to the IMWL.

66. Plaintiffs are/were employed by DEV as hourly employees.

67. It is and was at all relevant times, a policy of DEV to not pay its employees for overtime work at an overtime rate of pay.

68. The Defendant unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all of the Defendant's hourly employees.

69. As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

70. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

### SECOND CLAIM

**On Behalf of Plaintiffs Individually
and For All Opt-In Employees Against
Defendant DEV
As a Collective Action
(FLSA Claims, 29 U.S.C. § 201 et seq.)**

71. Plaintiffs reallege and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

72. The Plaintiffs' Collective claims include all plead claims found in this complaint which fall within the coverage of FLSA.

73. The Collective claims include all hourly employees which Defendant has failed to pay at an overtime rate of pay for overtime hours of work.

74. At all relevant times, Defendant DEV has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have

been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

75. At all relevant times, Defendant has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

76. At all relevant times, the work performed by hourly employees including the Plaintiff and prospective FLSA Opt-Ins, employed at Defendant were, and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employees' principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

77. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

78. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

79. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

80. Plaintiffs, on behalf of themselves and all FLSA Opt-Ins, seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

81.     Plaintiffs have consented to be a parties to this action, pursuant to 29 U.S.C. § 216(b).

82.     At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were employed by Defendant within the meaning of the FLSA.

83.     At all times relevant to this action, Plaintiffs and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

84.     Due to Defendant's FLSA violations, Plaintiff  and all FLSA Opt-Ins are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## **PRAYER FOR RELIEF**

        WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, pray for the following relief:

        A.      That, at the earliest possible time, the Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of

this suit, up through and including the date of this Court's issuance of Court-supervised notice, to hourly employees whom have been employed by the Defendants whom were not paid overtime rate of pay for overtime work hours. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid all wages for work performed.

B.  Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations, including 2% per month penalty under the IWML.

C.  Unpaid regular wages, and overtime wages pursuant to the IMWL other state wage laws;

D.  Compensation originating from DEV company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E.  An injunction requiring Defendant to pay all statutorily-required wages pursuant to Illinois Law;

F.  Certification of this case as a Collective action;

G.  Designation of the Plaintiffs as representative of the Collective, and counsel of record as Collective Counsel;

H.  Designation of the Counsel of record as Collective Counsel;

I.  Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

J.  Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

K.      Unpaid wages and liquidated damages pursuant supporting Illinois Department of Labor regulations;

L.      Consequential damages;

M.      and costs of this action; and

N.      Such other relief as this Court shall deem just and proper.

## THIRD CLAIM FOR RELIEF

### Individual and Class Claims brought under
### Under Illinois Wage Payment and Collection Act "IWPCA"

85.     Plaintiffs reallege and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

86.     Plaintiffs are/were employed by Defendant.

87.     This Count is brought on behalf of Plaintiff and a proposed class of all current and former hourly and salaried employees who worked at Defendant for the 10 year period before this Complaint was filed.

88.     This count arises from DEV's violation of the IWPCA, 820 ILCS § 115/4 and 820 ILCS 115/5.

89.     820 ILCS § 115/4 provides in part that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

90.     The DEV Payment Schedule results in payment to Plaintiff and substantially all of its employees of compensation once per month. On the 1th of each month, employees are paid for work performed from the prior month.

91.     As a result of the DEV Payment Schedule, employees are paid up to 30 days (the exact number of days depends on the length of the month) after the end of the pay period in which such wages are earned.

92.     When employees stop working at DEV, they must wait for up to 36 days before receiving their final paycheck. For example, if an employee's last pay period were on January 1, the employee would not be paid for that day until February 1.

93.     Section 5 of the IWPCA provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

94.     DEV does not pay its employees (including the Plaintiff) in full, at the time of separation.

95.     At the time of separation, DEV also does not pay its employees (including the Plaintiff) by the next regularly scheduled payday for the work that they performed.

96.     Upon information and belief, the DEV Payment Schedule has resulted in hundreds of DEV employees receiving in excess of 10,000 paychecks more than 13 days after the end of the pay period in which their wages were earned.

97.     As a result of DEV's policy and practice of withholding pay in violation of the law, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IWPCA when the payments are due.

98.     820 ILCS 115/14 provides the Plaintiff with statutory damages of 2% per month for when payments were not made and costs and all reasonable attorney's fees

Wherefore Plaintiff asks the Court enter a finding that

a)   Certification of a class of Plaintiffs defined as "hourly and salaried employees of DEV who worked for Defendant DEV in the state of Illinois at any time during the ten years preceding the filing of this complaint";

b)   A declaratory judgment that DEV has violated the payment provisions of the IWPCA as to the Plaintiff and the Class;

c)   A judgment to Plaintiff and the Class of all statutory and actual damages as provided by IWPCA including prejudgment interest as provided by law and 2% penalty for failure to pay wages in a timely manner;

d)   Judgment to Plaintiff and the Class of reasonable attorney's fees;

e)   Costs incurred in filing this action; and

f)   Such other and further relief as is just and right.

## **FOURTH CLAIM FOR RELIEF**

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
– Retaliation Plaintiff Individually for Plaintiff Sobczyk -

99.     Plaintiff Sobczyk realleges and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

100.     This count arises from DEV's violation of the FLSA, 29 U.S.C. § 215, for its discharge of Plaintiff Sobczyk shortly after Plaintiff complained about the Plaintiff and other employees working overtime hours and not receiving overtime pay.

101. DEV unlawfully retaliated against Plaintiff Sobczyk for her complaints about the illegal employment practices, including those in violation of the FLSA.

102. Plaintiff Sobczyk has been damaged as a result of DEV's unlawful termination of her employment.

103. Under the FLSA, it is unlawful for an employer to retaliate against an employee for exercising his or her legal rights under the FLSA, by asking for payment of overtime wages.

Wherefore Plaintiff asks for relief as follows:

A. All owed wages;

B. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

C. Unpaid regular wages, and overtime wages pursuant to the IMWL and other state wage laws;

D. Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 et seq. and supporting Illinois Department of Labor regulations and other state wage laws;

F. Attorneys' fees and costs of this action; and

G. Such other relief as this Court shall deem just and proper.

H. Legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment,

reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

     I.     Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) equitable relief (such as reinstatement) and attorneys' fees. 29 U.S.C. § 216(b).

J. Punitive damages as set forth at 29 U.S.C. § 216(b) and allows "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] ...."

**FIFTH CLAIM FOR RELIEF**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT –**
**PROMPT PAYMENT OF WAGES**
**Collective Action – Plaintiff On Behalf Of Plaintiffs And Others Similarly Situated**

104.    Plaintiffs reallege and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

105.    This count arises from DEV's violation of the FLSA, 29 U.S.C. § 201 *et. seq.* for its failure to promptly pay Plaintiff and other similarly situated employees their minimum wages and overtime in a prompt manner.

106.    Under the FLSA, an employer must promptly pay minimum wages due an employee after such wages are earned.

107.    As a result of the DEV's Payment Schedule, employees are paid their wages between 18 and 21 days (the exact number of days depends on the length of the month) after the end of the pay period in which such wages are earned.

108.    Furthermore, when employees stop working at DEV, they must wait for up to 30 days before receiving their final paycheck.

109.    Pursuant to the DEV Payment Schedule, DEV did not pay Plaintiff and similarly situated employees their wages owed to them on the next regularly scheduled pay period after the period in which the compensation was earned.

110.    The DEV Payment Schedule results in an unnecessary and unreasonable delay in the payment of wages.

111.    The DEV Payment Schedule was not instituted for a legitimate business purpose.

112.    To the contrary, it was instituted to allow the delayed payment of wages. However, the cash flow needs of DEV do not warrant the imposition of a delayed payment schedule that violates the law.

113.    The DEV Payment Schedule applies to substantially all DEV employee who receive regular paychecks.


WHEREFORE, Plaintiff prays for a judgment against DEV as follows:


A.  Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former similarly situated employees of DEV during the 3 years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit;

B.  A declaratory judgment that DEV has violated the prompt payment provisions of the FLSA 29 U.S.C. § 207 as to the Plaintiff and similarly situated persons who opt into this action;

20

C.  A declaratory judgment that DEV's violations of the FLSA were willful;

D.  Liquidated damages in an amount equal to the amount owed at the time of each late payment and interest;

E.  Reasonable attorney's fees;

F.  Costs incurred in filing this action; and

G.  Such other and further relief as this Court deems appropriate and just.

### SIXTH CLAIM FOR RELIEF

**Plaintiff Sobczyk Termination Claims brought under
Under Illinois Wage Payment and Collection Act "IWPCA"**

114.    Plaintiff Sobczyk realleges and incorporate by reference all the paragraphs of this Complaint, as if fully set forth herein.

115.    Plaintiff was an employee of Defendant;

116.    Plaintiff requested payment of wages in a timely manner: a right granted by the IWPCA;

117.    Plaintiff Sobczyk was discharged and that the discharge was causally related to her asking for just payment of wages in a timely manner.

118.    Plaintiff was damaged as a result of this action.

119.    As a direct and proximate result of Defendant's retaliatory discharge Plaintiff has sustained damages including lost wages, the value of lost employment benefits, emotional distress, pain, suffering and loss of enjoyment of life.

120.    The retaliatory discharge of Plaintiff's employment as a result of her protected activity violates IWPCA.

121.    The IWPCA was amended to allow private right of retaliatory discharge effective

January 1, 2011. *See* P.A. 96-1407 (effective 1/1/2011).

A judgment for all owed wages and lost wages;
B. Compensatory and punitive damages:
C. Reasonable attorney's fees;
D. Costs incurred in filing this action; and
E.  Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 5, 2016

Respectfully submitted,

By:         -S-John C. Ireland
John C. Ireland

Attorney for the Plaintiffs and Class

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
 630-464-9675
Facsimile 630-206-0889            attorneyireland@gmail.com

22